

# The Attorney General of Texas

May 10, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio. TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Neal T. "Buddy" Jones
66th Judicial District Attorney
P. O. Box 400
Hillsboro, Texas 76645

Opinion No. MW-21

Re: Legality of a county commissioner receiving stipend for expenses while serving as volunteer coach for a junior college.

Dear Mr. Jones:

You request our opinion about the legality of a county commissioner in Hill County receiving an expense reimbursement from Hill Junior College District. Commissioner Kenneth Davis volunteered his services as girl's basketball coach to Hill Junior College, asking only that his traveling expenses be reimbursed. He estimated he would be making an average of 39 trips monthly between his home and the college, a distance of 22 miles, at a cost at 16¢ per mile. He submitted the estimated budget "for expense reimbursement only." The Board of Regents officially noted the offer, noted that Mr. Davis had agreed to "no salary, stipend, or other emolument, other than reimbursement for direct expenses," and resolved to

> accept the services of Mr. Kenneth Davis as coach of the women's basketball programs, and [to] reimburse him, on a monthly basis, a sum of $135 for direct travel expenses, effective September 1, 1978.

As indicated in Attorney General Opinion H-992 (1977), a person may receive a lump-sum expense reimbursement from a governmental body; however, the sum set must be premised on fact and reasonable calculation. See, e.g., Attorney General Opinion V-1525 (1952). Certainly, if there is reimbursement for each mile actually driven, there is no question that the reimbursement is for expenses only. If a lump-sum is utilized, there will be a factual question as to whether the sum has a basis in fact and reasonable calculation.

If the agreement is actually for reimbursement of expenses there is no violation either of article 2, section 1 or article 16, section 40 of the Texas Constitution. Compare Texas Turnpike Authority v. Shepperd, 279 S.W.2d 302, 308 (Tex. 1955) (reimbursement per V.T.C.S. art. 6674v of actual

expenses incurred by director of agency does not constitute office one of emolument) with Willis v. Potts, 377 S.W.2d 622 (Tex. 1964) (office commanding fixed amount of $10 per week is a lucrative office).

## S U M M A R Y

A county commissioner may serve as a volunteer basketball coach for a public junior college district so long as he is reimbursed for expenses only.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by C. Robert Heath
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Walter Davis
Scott Garrison
Rick Gilpin
William G Reid
Bruce Youngblood